

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2006

# Hendrickson v. McCreanor

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4340

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hendrickson v. McCreanor" (2006). *2006 Decisions.* Paper 350.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/350

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-331                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4340
_____

THOMAS HENDRICKSON; ROBERT B. MCCULLOUGH; ERIC GARNETT;
ROBERT EDGAR; RAYMOND CROWHORN; GREGORY JOHNSON; MICHAEL
MARTIN; ROGELIO CORDERO; WILLIE C. LAND; JEROME WINFIELD;
DARRELL MIDDLETON; NATHANIEL BAGWELL; DANIEL ROBINSON;
MATTHEW MOSES; DANIEL TORRES; DOMINGO TORRES; BENJAMIN CRUMP;
JAMES DYTON; KARL FREDERICK; JAY MORRIS; CHARLES SCOTT;
NA'EEM O. BIDDLE; GEORGE HAMILTON; HUGH LOLLEY; ANTHONY RAY
CASSON; DAVID CUTSHAW; GUY SMITH; DANIEL M. PASKINS, JR.;
JERRIN WRIGHT; MICHAEL ROGERS; MARK LEGG; CHRISTOPHER CLOHECY;
KENNETH LEE JONES; PETER M. SCHELLINGER; CEDRIC MCGRIFF;
TARSHAWN FRISBY; JOSHUA HOLMES; BRIAN FRANCISCO; BILLY R.
WILLIAMS; SYLVESTER HARMON; WALLACE HARDEN; STEVEN BROWN;
EDWIN FRADY; EDWARD F. MERKEL; ROBERT WILLIAM JOHNSON, JR.;
KIM TAYLOR; OLDEN R. THOMAS, II; ELLIOT L. WEBB; LAKEE ADBEL-
QUDUS; DENTONIO BAILEY; KEVIN WASHINGTON; RONALD K. KLINE;
MICHAEL D. MOORE; SHAWN BRISCOE; WILLIAM A. JOHNSON; HAROLD
ROBINSON; DAVID T. LEWIS; TIM MURDTER; MARK O'NEAL; WALTER
BOSMAN; FREDERICK RUPP; DENNIS SANTIAGO; FRED DEJOHN; CECIL
BROWNE; EUGENE LANCEY; ROBERT RAMPMEYER; TONY CALDWELL;
DENNIS SMITH; JAMES JAY YATES; STEVE JOHNSON; CHARLES BEELER;
CLINTON PORTER; MICHAEL PUFF; JOSE L. ANDINO; SEAN DAHL;
JAMES P. SANCHEZ; VICTOR A. HART; ORIS C. SMILEY, III; ALBERTO
MIRANDA; CLYDE F. EVANS; RONALD A. STEWART; THOMAS FRANCKS;
JERRY PAYNE; GEORGE THODOS; PAUL LORD; LINFORD FISHER; JOHN
DIGGS; TORY BRAXTON; BRUCE POTTER; DEION L. BROWN, SR.; CECIL
EARL MILLS; MIKE ALEXANDER; CAPONE ROMEO; JOSE BERRIUS;
REGINALD MCRAE; JARON BENNEFIELD; TYRENCE PURNELL; ARISTOTLE
JOHNSON; TYRONE DUPREE; NEHEMIAH CHARLES; STEVE ANDERSON;
TRAUN BUNSON; MICHAEL BRIDGES; DAMMEYIN A. JOHNSON; JAY SCOTT;
DION COLE; JOE KIBLUR; MICHAEL MERTH; LESTER R. MINNER, JR.;
ANTHONY BROOKS, JR.; RICARDO MUNEZ; JOHN CARTANZA; EUGENE
CALDWELL; MICHAEL WARNCKE; JACK W. WOLF; OLANLEE ANDERSON;
ANTIONE HANNAH; KHALID HORNE; FREDERICK W. SMITH, JR.; LARRY D.
FLOYD; LEON S. HAZZARD; HERBERT THOMPSON; SAMUEL H. BROWN;
CHARLES E. SLATER; LLOYD WELCH; RODNEY BARLOW; MARK A.

SPRUANCE; JAMES NELSON; RICHARD PEREZ; TIM SIMON; PETE C. ANDERSON; RICKY A. WHITFIELD-BEY; JUSTIN L. BURRELL; EDWARD A. FAUNTEIN, JR; HUEY TIMMON; CARLTON FARBER; WILLIAM DOUNESH; D. GRIFFITH; JOSE CRUZ; ISSAC M. REDDING; LUIS MALDANADO; SIDNEY BUMBREY; CHRIS JOHNSON; GREG DAVIS; JOSEPH COLUTIANO; HARKEEM ROGIERS; LIONEL WALLEY; FREDERICK TERRER; RANDOLPH CLAYTON; WILBERT HOLLOWAY; JAMES E. HARRIS, JR.; JASON VINCKX; WILLIAM GARLIC; RALPH SMITH; ELMER T. MILLER; ARTHUR C. WOLFE; MICHAEL SPEICHER; JARUIS STURGIS; LESLIE DICKSON; CHARLES ABNEY; KENNY HYRE; CHRISTOPHER JOHN; EDWARD R. MATTINGLY; RAMIRO CASTREJON; RONELL MORRIS; TONY SELLMAN; WILLIAM MCGINNIS; TEDDY BANKS; BENJAMIN COUNCIL; EDDIE KLINE; JAMIE ANDERSON; THOMAS SPENCER; CARAN ALEXANDER TEDDER; RICHARD SHOCKLEY; PAUL J. PROPER; BRIAN HILL; CHARLES VANDERHOOF; MICHAEL DENNISON; KEVIN STATES; DETLEF F. HARTMANN; MIQUEL SERPA; HUGH MCCAFFERTY; HENRY A. HADAWAY; ROY L. ALFORD; JESSE L. SPENCER; DARYL AVORUS; HENRY ZOWES; JEROME CLARK; JOSEPH S. PACZKOWSKI; SADI SANDOZ; HOWARD DEAR; AARON LANGLEY; KELVIN MARTIN; SHAWN OLSEN; DONALD FENIMORE; PAUL DELAR; JAMES E. FLOWERS; ROBERT W. BOLDEN, JR.; RAKIM RASHAD; THOMAS A. HOLLINGSWORTH, JR.; WILLIAM HAWKINS; AARON K. CARTER; MICHAEL K. DUKE; JAMES VANARSDALL; PAUL WELLS; JOHN A. DICRISCIO; ROLANDO S. MAXWELL; VICTOR HARMON; JAMES MCCULLIN; ANTHONY RHEA; JOHN A. TAYLOR; DAVID L. MAYFIELD; MAURICE CAROLL LAND; CHRISTOPHER PORTER; GREG SAVAGE; WARREN REID

v.

MICHAEL MCCREANOR; BETTY BURRIS; F. DIXON; L. SMITH; CAPT. CAIN; C. OUTTEN; EDWARD WALLACH; JEFF CROTHERS; THOMAS L. CARROLL; STANLEY TAYLOR; JANE BRADY; ANDRE R. JACKSON; BILL CORDEL; CAPT. HAZZARD; LT HARVERY; WILFRED BECKLES; LT WILLEY; LT SATTERFIELD

Detlef F. Hartmann;
William J. Hawkins,

2

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00557-KAJ)
District Judge: Honorable Kent A. Jordan

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 8, 2006

Present: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed:  October 5, 2006)

_____

OPINION
_____

PER CURIAM

Thomas Hendrickson and other inmates incarcerated at the Delaware Correctional

Center ("DCC") filed suit against officials there under 42 U.S.C. § 1983, alleging

violations of their rights under the First, Eighth, and Fourteenth Amendments because

inmates are prohibited from speaking during meals in the dining hall.[1]  In August 2004,

the United States District Court for the District of Delaware dismissed the plaintiffs' due

process claims and vicarious liability claims against former Attorney General Jane Brady

_____

[1] Initially, nearly 200 inmates signed on to the complaint.  The plaintiffs were never
certified as a class, and only about 23 plaintiffs ultimately pursued the action to its
conclusion in the district court.

as frivolous under 28 U.S.C. § 1915A(b)(1).  The court later awarded summary judgment to the DCC officials on the rest of the claims.  A handful of plaintiffs in the suit filed this timely appeal.[2]

Because the appellants are proceeding in forma pauperis, we must analyze the appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B), we must dismiss an appeal if the underlying action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity.  An appeal that lacks arguable merit should be dismissed under § 1915(e)(2)(B).  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

First, we agree with district court's dismissal of appellants' due process claims and vicarious liability claims against Brady.  To state a claim for relief under § 1983, a complaint must sufficiently allege a deprivation of a right secured by the constitution. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Even accepting as true all of the factual allegations in the complaint, as well as all reasonable inferences that can be drawn

---

[2] Detlef F. Hartman and William Hawkins are the sole remaining appellants in this action and have been granted in forma pauperis status.  A fourth appellant, Ricky A. Whitfield-Bey, never submitted additional documents, including a motion to proceed in forma pauperis, an affidavit of poverty, a prison account statement, and authorization to withdraw funds, as ordered by the Clerk of this Court on February 3, 2006.  He will be dismissed from the appeal and his motion for counsel will be denied. Another plaintiff in the action below, Nathaniel Bagwell, filed a separate appeal but that appeal was dismissed on August 2006 for failure to pay fees.  See Bagwell v. McCreanor, et al., C.A. No. 05-4197 (order entered on Aug. 28, 2006).

from them, see id., the appellants did not allege that they had a constitutionally protected liberty interest. Losing privileges, receiving disciplinary action and being re-classified at a certain security level do not constitute "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The appellants' claim that Brady was vicariously liable for the actions of prison officials was also flawed because she did not supervise the DCC officers and employees, and she could not be held liable in a § 1983 suit based on vicarious liability theory, in any event. See City of Canton v. Harris, 489 U.S. 378, 385-90 (1989); Rouse v. Plantier, 182 F.3d 192, 200 (3d Cir. 1999).

This appeal also lacks arguable merit because the district court correctly awarded summary judgment to the appellees on the remaining claims that the "no talking during meals" policy violated appellants' constitutional rights. Under Turner v. Safley, 482 U.S. 78, 89 (1987), a prison regulation that impinges upon a prisoner's constitutional rights is valid as long as the regulation "is reasonably related to legitimate penological interests." This analysis "presupposes that the plaintiff inmate has demonstrated that a constitutionally protected interest is at stake." Jones v. Brown, – F.3d –, 2006 WL 2441412 at *3 (3d Cir. August 24, 2006) (quoting DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000) (en banc)).

We agree with the analysis conducted by the district court under Turner. In light of the affidavit by Deputy Warden David Pierce, the "no talking" policy is rationally related to the DCC's interests at stake. The other Turner factors also weigh in the

appellees' favor.[3]  For similar reasons, we are satisfied that there is no Eighth Amendment violation.  See Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 417-419 (3d Cir. 2000).[4]

We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).  Ricky A. Whitfield-Bey's motion for counsel will be denied.

---

[3] The inmates clearly have alternative means for exercising their First Amendment rights, considering that they are allowed to talk with one another when they are outside of the dining hall, which is the majority of the day.  Pierce's affidavit also demonstrated that an accommodation would have a significant impact on fellow inmates, corrections personnel, and the allocation of resources in the prison, and, further, none of the alternatives proposed by the inmates would have a *de minimis* effect on penological interests.  Of course, particular deference must be accorded to prison officials in this assessment.  See Turner, 482 U.S. at 90;  Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 131 (1977).  Given these factors, the regulation here satisfies the reasonable relationship test.

[4] The Equal Protection claim raised in the complaint, i.e., that the policy was enforced against African American inmates and not white inmates, apparently centered upon allegations made by Nathaniel Bagwell.  See D.Ct. Dkt. #1, p. 30-31.  Since he is not a party to this appeal, his claim need not be addressed here.